UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankr. No. 08-82538 |
| CLARENCE POWELL and BETTY POWELL, | ) ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| CLARENCE POWELL and BETTY POWELL, | ) ) ) | |
| | ) | |
| Appellant, | ) | Civil Nos. 09-1178 and 09-1212 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL D. CLARK, | ) | |
| | ) | |
| Appellee. | ) | |

# ORDER

This matter is now before the Court on Appellants Clarence and Betty Powell (the "Powells"), Appeals from the Orders of the Bankruptcy Court denying the Debtors' confirmation plan and granting the Motion for Relief From Stay by Ford Motor Credit Company. For the reasons stated herein, the decisions of the Bankruptcy Court are AFFIRMED.

**Procedural Background**

On September 22, 2008, the Powells commenced their bankruptcy proceeding by filing a Voluntary Petition pursuant to Chapter 13 of the Bankruptcy Code. An Amended Chapter 13 Plan was filed on October 27, 2008, in which the Powells proposed to pay Ford Motor Credit Company ("Ford"), a secured creditor, the sum of $24,000.00 plus interest on a 2007 Lincoln Town Car. The balance owed on the car was actually $50,139.82 plus

interest. Ford then filed an objection to the Amended Plan seeking compensation for the entire balance owed. Following a trial, the Bankruptcy Court held that the Powells had failed to sustain their burden of proof to establish that the car was not acquired for personal use. As a result, Ford's objection was sustained and the Powell's Amended Plan was denied confirmation.

On April 7, 2009, the Powells filed a Second Amended Plan proposing to surrender the car to Ford. Ford then filed a Motion for Relief from Stay, asserting that Mr. Powell was in default under the terms and provisions of their agreement by failing to make the required monthly payments and that relief was necessary to prevent irreparable damage to Ford. A Notice of Hearing was issued for hearing on May 11, 2009. No objections were filed prior to the hearing, and no objection was made during the hearing. The Bankruptcy Court then granted the Motion and lifted the automatic stay as to Ford's claim for the car.

The Powells responded by filing two appeals. The first appeal challenges the denial of their Amended Plan, while the second appeal contests the lifting of the automatic stay with respect to the car. This Order follows.

## Jurisdiction and Standard of Review

This Court has jurisdiction to review the decision of the Bankruptcy Judge pursuant to 28 U.S.C. § 158(a). District courts are to apply a dual standard of review when considering a bankruptcy appeal. The findings of fact of the Bankruptcy Judge are reviewed for clear error, while the conclusions of law are reviewed *de novo*. In re Midway Airlines, 383 F.3d 663, 668 (7th Cir. 2003); In re Smith, 286 F.3d 461, 465 (7th Cir. 2002); In re Yonikus, 996 F.2d 866, 868 (7th Cir. 1993); In re Ebbler Furniture and Appliances, Inc., 804 F.2d 87, 89 (7th Cir. 1986); see also, Bankruptcy Rule 8013 (West 1995).

## Discussion

The Powells present two issues on appeal: (1) whether the bankruptcy court erred in denying confirmation of their Amended Plan, and (2) whether the bankruptcy court erred in granting Ford's Motion for Relief From Stay. Each issue will be addressed in turn.

At trial, the Bankruptcy Court made the following findings of fact. Mr. Powell is an over-the-road truck driver and also occasionally serves as a private pilot. Mrs. Powell works as a security guard and also has an unspecified part-time job. Within 910 days of filing bankruptcy, Mr. Powell purchased a new 2007 Lincoln Town Car, financing the purchase with Ford. After accounting for a down payment and negative equity on a trade-in, the amount financed was $54,329.78 plus 7.9% interest for 72 months. The Certificate of Title names Mr. Powell as the sole owner and lists his address and the Powell's residence.

In their Schedules submitted in connection with their Amended Plan, the Powells value the car at $24,000. Ford filed a claim on the car loan asserting a balance of $50,139.82 as of the petition date. The Amended Plan proposed to bifurcate Ford's claim into a secured claim for $24,000 plus 7% interest, with the remaining balance owed as an unsecured claim. Ford objected to this treatment as contrary to the unnumbered hanging paragraph located immediately following § 1325(a)(9) of the Bankruptcy Code, which prohibits the bifurcation or strip-down of an under secured loan, leaving the parties to their rights and obligations under the contract.

Section 506(a) of the Bankruptcy Code provides for a division of loans into secured and unsecured portions, with the unsecured portion representing the amount

by which the debt exceeds the current value of the collateral.  In re Wright, 492 F.3d 829, 830 (7th Cir. 2007).  Section 1325 of the Bankruptcy Code specifies the circumstances under which a Chapter 13 repayment plan can be confirmed.  The so-called "hanging paragraph" of § 1325(a)(5) directs that § 506 does not apply to certain secured loans, providing in relevant part:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-days preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle . . . acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

Id.  As a result of the operation of the hanging paragraph, the parties are left to their contractual entitlements.  Id., at 832.

The issue in this case is whether the car was "acquired for the personal use of the debtor," so as to trigger the application of the hanging paragraph.  "Personal use" has been defined as a non-business use.  In re Grimme, 371 B.R. 814 (Bankr.S.D.Ohio 2007).  The intention of the purchaser on the date of acquisition is controlling.  In re Cross, 376 B.R. 641, 648 (Bankr.S.D.Ohio 2007).  If the evidence shows that the car has been acquired for business purposes, then the hanging paragraph does not apply and bifurcation is appropriate; if the evidence shows that the car has been acquired for personal use, then the hanging paragraph applies to knock out § 506, the rights under the contract control and bifurcation is not appropriate.  In re Grimme, 371 B.R. at 816.

Here, Mr. Powell argued that the car was acquired for business purposes because he intends to claim a business expense tax deduction for a portion of the car's

expenses and kept a vehicle mileage log for 2008.  He did not contend that his use of the car generates income, was required by his employer, that his employer paid some or all of the expenses related to its use, or that he uses the car within the scope of his employment.  Mr. Powell further testified that he purchased the car with the intent to use it primarily for business purposes.  However, in the Retail Installment Contract, indicates that the vehicle was for personal rather than commercial use.

Moreover, the mileage log kept by Mr. Powell in 2008 reveals 40 entries claiming that the car was used for business purposes.  The trips bear only minimal notations, such as "Load Boards," "Looking at trucks," "Looking at trailers," or going to Peoria for meetings with lawyers.  Mr. Powell made no effort to explain those entries or indicate how they related to his job as a truck driver.  The Bankruptcy Court found that absent such an explanation, it could not conclude that the trips listed as business trips in the mileage log had a sufficient nexus to his job to justifiably be characterized as business trips.  Even assuming that trips that did not generate income or result in any purchases related to his job could be deemed legitimately business related, the Bankruptcy Court found that the mileage log reflected that more than 50% of the vehicle's mileage was not used for a business purpose.  Furthermore, the Bankruptcy Court found significant that Mr. Powell neither kept a mileage log nor claimed a business use for the car in 2007 despite the fact that he owned the vehicle for nine months that year.

After considering the totality of the record, the Bankruptcy Court concluded that the evidence suggesting personal use of the car contradicted Mr. Powell's self-serving claim that he purchased it for business purposes.  As a result, the Powells had failed to meet their burden of proving that the car was not acquired for personal use, and the

hanging paragraph applied to preclude the requested bifurcation of Ford's claim. The bankruptcy stay was lifted with respect to Ford. The Powells were ordered to surrender the car to Ford, who was directed to liquidate the collateral in a commercially reasonable manner and file an unsecured proof of claim for any deficiency.

The Powells brought the first appeal challenging the Bankruptcy Court's denial of confirmation of their Amended Plan and order directing them to surrender the car to Ford for liquidation.[1] In support of their appeal, they provide a copy of the 2008 mileage log that was submitted to the Bankruptcy Court, as well as their prepared 2008 tax return as proof of business use.

The Bankruptcy Court's determinations were based on the finding of fact that the record did not support the Powells' contention that the car was intended for business use at the time of purchase. It is well-settled that findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." In re Smith, 386 F.3d 461 (7th Cir. 2002); Bankruptcy Rule 8013 (West 1995).

With all due respect, the Powells rely on evidence that was considered by the Bankruptcy Court and have failed to demonstrate that its well-reasoned factual findings are clearly erroneous. The Bankruptcy Court noted that despite having been purchased in early 2007, there was no evidence of record indicating that the car had been used for

---

[1] Although the Appellants' Brief indicates an objection to other items of the Bankruptcy Court's Order (e.g, payment of $2,274.00 in attorney fees, 65% being paid on allowed claims to unsecured creditors), the appeal consists of nothing more than a bald disagreement with respect to these provisions. As such, there is nothing for this Court to consider with respect to these claims and no basis for finding the conclusions of the Bankruptcy Court to have been in error.

business purposes in 2007. There was no mileage log kept and no corresponding deduction claimed on the Powells' 2007 tax returns. Even in 2008, when Mr. Powell did attempt to keep a mileage log, the entries did not clearly indicate use for a legitimate business purpose, and he made no effort to provide a further explanation in support of his claims. Furthermore, the fact that the Powells claim a business deduction on their taxes does not conclusively establish that the deduction was legitimate or proper. Accordingly, the Court finds no basis for concluding that the factual findings of the Bankruptcy Court were clearly erroneous, or that the legal conclusions reached based on these findings were otherwise in error. The Powells' appeals are therefore without merit.

The second appeal challenges the Bankruptcy Court's decision to lift the automatic stay as to Ford. This appeal consists of a paragraph and argues that their attorney erred in telling them they did not need to be present at the hearing on the Motion for Relief From Stay, failing to object to the Motion, and failing to apprize the Bankruptcy Court that they wanted to keep the car because it was used in Mr. Powell's business. However, even assuming that the Powells' attorney was negligent in his representation, the Seventh Circuit has consistently held that attorney negligence is not grounds for relief. In re Ligas, 1991 WL 423900, at *3 (Bankr.N.D.Ill. Dec. 28, 1992, *citing* Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1278 (7th Cir. 1990); Daniels v. Brennan, 887 F.2d 783 (7th Cir. 1989); Nelson v. City Colleges of Chicago, 962 F.2d 754, 756 (7th Cir. 1992) (noting that an attorney's conduct must be imputed to the client in any context.)

This, in conjunction with the prior discussion with respect to the failure to demonstrate legitimate business use of the car, compels the conclusion that the Powells have failed to demonstrate any error of law or fact with respect to the Bankruptcy Court's granting of the Motion for Relief From Stay. The second appeal is therefore also without merit.

## Conclusion

For the reasons stated herein, the Orders of the Bankruptcy Court are AFFIRMED. These matters are now TERMINATED.

ENTERED this 12th day of February, 2010.

                                              s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge